**The PEOPLE of the State of Colorado, Complainant,**

v.

**Samuel E. FLEMING, Attorney-Respondent.**

**No. 85SA439.**

Supreme Court of Colorado, En Banc.

Feb. 24, 1986.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Samuel E. Fleming, Westminster, pro se.

ERICKSON, Justice.

The respondent, Samuel E. Fleming, was charged in a disciplinary complaint with professional misconduct. He was notified of the complaint of his former client, Eva LaBuda, and on October 30, 1984, ten days after the investigation commenced, the respondent attempted suicide and was admitted to Denver General Hospital. He has a medical history of depression, and, at the time of his discharge on November 20, 1984, the diagnosis of the staff psychiatrist was that the respondent was suffering from a mixed personality disorder, major depression, and had a history of alcohol abuse. The prognosis of the staff psychiatrist was that "it is doubtful that this patient will be able to return to work in his demanding capacity as a lawyer." Two private psychiatrists later examined the respondent and expressed the opinion that he had "no serious depression or any mental illness which would disable him from the practice of law."

After the respondent's release from the hospital, he cooperated fully with the investigators for the Colorado Supreme Court Grievance Committee and entered into a stipulation as to the facts relating to the disciplinary charges. He also agreed to the production of his medical records and assisted the investigators in obtaining copies of all of his medical reports and records.

Respondent did not appear before the hearing board of the grievance committee and has filed no objections to the findings, conclusions, and recommendations that have been made to this court by the grievance committee. The committee has recommended that the respondent be suspended from the practice of law in Colorado for nine months, that he be assessed the costs of these proceedings, and that the respondent make restitution with interest at the rate of 8% to Eva LaBuda and Colorado Investors Revenue Sharing, Inc. Reinstatement was recommended only upon compliance with the provisions and conditions of C.R.C.P. 241.22(b) and upon proof of his mental and emotional stability to practice law. We approve the recommendations of the grievance committee.

### Count One

Eva LaBuda was sued for $1,000 in Adams County Small Claims Court. She paid the respondent a $65 retainer and gave him the summons and complaint. The respondent told Ms. LaBuda that he would attempt to make an out-of-court settlement and would obtain a jury trial if he could not settle the matter. Prior to the return date, Ms. LaBuda attempted to contact the respondent to see if she should appear but was unable to reach him. Relying on his statement, she assumed that the respondent had vacated the hearing date, and she did not appear. A default was entered on the return date for $1,009.

Ms. LaBuda did not learn of the judgment until her wages were garnished. She then contacted the respondent and he told her that he had been in the hospital and directed her to write a letter to the court requesting that the judgment be set aside

and that the garnishment proceedings be stayed. Ms. LaBuda filed the document, stating that her "attorney misinformed me on court date and advice." The court denied the stay and set a hearing on the motion to set aside the default. The respondent entered his appearance at the hearing on the motion to set aside the default and, after the motion was denied, told Ms. LaBuda that he would stop the garnishment proceedings and would seek a jury trial. Thereafter, Ms. LaBuda was again the subject of garnishment proceedings. She attempted to contact the respondent but was unable to reach him, and the respondent never answered to her messages or her calls. Apparently, Ms. LaBuda had no defense to the claim and she thereafter paid the judgment.

### Count Two

Robert E. McDonald, III was discharged by his employer for alleged excessive absenteeism and for failure to be available to work overtime. He applied for unemployment compensation and received an unfavorable decision from a deputy of the Unemployment Insurance Division of the Colorado Department of Labor and Employment (Division). He drafted his own handwritten appeal and then retained the respondent, who failed to file an appeal in a timely manner. The respondent had McDonald sign some documents that would allegedly excuse the untimeliness of the filing and then told McDonald that a hearing had been set for August 2, 1984.

Thereafter, McDonald contacted the Division and learned that no documents had been filed and that no hearing was scheduled. When McDonald attempted to contact the respondent he was unable to reach him, and the respondent never returned his calls. McDonald thereafter obtained other counsel who perfected the appeal and brought the matter to a conclusion.

### Count Three

The respondent entered into a letter agreement to provide legal services to incorporate Colorado Investors Revenue Sharing, Inc. for a fee of $1,200. The respondent filed articles of incorporation which listed his office as the registered address and listed respondent as the sole officer and director. Respondent intended to prepare amended articles of incorporation after the organizational meeting to specify the elected officers and a more appropriate registered address. He also agreed to prepare the minutes of the organizational meeting.

The respondent attended a meeting and advised the investors that he would schedule a formal meeting for issuance of the corporate stock and the signing of the corporate minutes. He set an appointment for the meeting but cancelled the meeting and never met with the investors. The officers of the corporation attempted to contact the respondent but could never reach him. Eventually, other counsel prepared and filed the amended articles of incorporation and the organizational minutes. The respondent did not complete the work he agreed to perform in his letter agreement and has never accounted to his clients or returned the unearned portion of the $1,200 fee that he was paid.

### Conclusion

■ All of the acts complained of and set forth in the disciplinary complaint involve the neglect of legal matters entrusted to the respondent and violations of the disciplinary rules. DR 1–102(A)(1); DR 6–101(A)(3). Respondent was guilty of fraud and misrepresentation in his dealings with his clients, thereby violating DR 1–102(A)(4). His conduct adversely reflects on his fitness to practice law. DR 1–102(A)(6). He also failed to represent his clients zealously and did not perform his services in a timely manner, thereby prejudicing the rights of his clients. DR 7–101(A)(1)–(A)(3). Finally, he has not accounted to his clients for unearned fees that he kept after failing to perform the legal services for which he was retained. DR 2–106(B)(4).

■ We therefore approve the recommendation of the hearing board of the grievance committee and order that the respondent be suspended for a period of

nine months. We assess costs in the amount of $435.84 against respondent, which is to be paid to the Colorado Supreme Court Grievance Committee, 600–17th Street, Suite 520S, Denver, Colorado 80202, within ninety days. We also order that he make restitution to Eva LaBuda of $65 within nine months plus interest at the rate of 8% from March 6, 1984 until paid. We further order that he make restitution to Colorado Investors Revenue Sharing, Inc. in the amount of $1,200 within nine months plus interest at the rate of 8% from April 25, 1984 until paid. The hearing board concluded and the record reflects that the respondent's psychiatric condition contributed to the respondent's violations of the Code of Professional Responsibility. For that reason, pursuant to C.R.C.P. 241.-22(b), the respondent must, at the conclusion of the suspension, apply to the grievance committee for reinstatement and establish compliance with the conditions and provisions of the rule, including the presentation of evidence of his psychiatric and emotional condition indicating his fitness to practice law.